NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. ALICE TZENG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CARE ONE AT MADISON AVENUE, LLC, CARE ONE, LLC, and CARE ONE MANAGEMENT, LLC,<br><br>　　　　　Defendants. | 2:23-cv-03011-JKS-MAH<br><br>**OPINION**<br><br>August 14, 2024 |

**SEMPER**, District Judge.

　　Before the Court is Defendants Care One at Madison Avenue LLC, Care One LLC, and Care One Management LLC's ("Defendants") motion to dismiss Plaintiff Alice Tzeng's ("Plaintiff" or "Tzeng") First Amended Complaint (ECF 15, "FAC"). (ECF 26.) Plaintiff opposed the motion. (ECF 34, "Opp.") Defendants filed a reply. (ECF 38, "Reply.") The Court considered the Plaintiff's FAC and the parties' submissions, and the motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.　FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

　　This action arises from Plaintiff's challenge to a COVID-19 vaccination policy allegedly implemented and enforced by Defendants. Plaintiff is a physiatrist specializing in physical medicine and rehabilitation. (ECF 15, FAC ¶ 8.) Defendant Care One Madison owns and operates

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

an assisted living facility in Morristown, New Jersey. (*Id.* ¶ 9.) Upon information and belief, Plaintiff alleges that Defendants Care One LLC and Care One Management LLC oversee and control the policies and management decisions of Care One Madison and other similar entities. (*Id.* ¶ 12.)

From 2012 until September 2021, Plaintiff treated patients at Care One Madison. (*Id.* ¶ 9.) On July 14, 2021, Defendants mandated that employees and medical professionals working at Care One facilities receive the COVID-19 vaccine. (*Id.* ¶¶ 15-16.) "All providers who interact with [] residents, including licensed physicians, nurse practitioners, physician assistants, and other medical providers were required to provide a copy of their vaccination card as proof of their fully vaccinated status no later than September 30, 2021." (*Id.* ¶ 17.) On September 29, 2021, Plaintiff sought a religious exemption to the mandatory vaccination requirement. (*Id.* ¶ 18.) On September 30, 2021, Plaintiff was no longer permitted entry into Care One facilities to perform patient care duties. (*Id.* ¶¶ 21, 24.)

In this action,[2] Plaintiff's FAC sets forth seven counts: (1) violation of Title VII, 42 U.S.C. § 2000e *et seq.* based on religious discrimination; (2) violation of Title VII, , 42 U.S.C. § 2000e *et seq.* based on retaliation; (3) violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12(1); (4) tortious interference with contract and/or prospective economic advantage; (5) breach of contract; (6) "quasi-contract"; and (7) action for declaratory judgment pursuant to 28 U.S.C. § 2201. On November 9, 2023, Defendants moved to dismiss. (*See* ECF 26-1, "Def. Br.") Plaintiff opposed the motion. (ECF 34, "Opp.") Defendants filed a reply. (ECF 38, "Reply.")

---

[2] Previously, Tzeng was a plaintiff in another federal action against Care One LLC: *Holcomb v. Care One LLC*, Docket No. 2:21-cv-20611(BRM)(ESK), in which she and another plaintiff asserted similar claims solely against Care One LLC. In that case, District Judge Martinotti granted Care One LLC's motion to dismiss. *See Holcomb v. Care One LLC*, No. 2:21-cv-20611, 2022 U.S. Dist. LEXIS 168454, at *1 (D.N.J. Sep. 19, 2022).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

#### A. Title VII Claims and Administrative Exhaustion[3]

Defendants argue that Plaintiff's Title VII claims must be dismissed against all Defendants for two main reasons. First, Defendants allege that Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") for only one of the three defendants (Care One Management), failing to exhaust her administrative remedies as to Care One and Care One Madison. (ECF 26, Def. Br. at 9-10.) Second, Defendants assert that Plaintiff did not sue Care One Management within ninety days of receiving a right to sue letter, such that her lawsuit against Care One Management is untimely and must be dismissed. (*Id.* at 10.) In her opposition, Plaintiff asserts that she exhausted her administrative remedies or should be exempt from the requirement. (ECF 34, Opp. at 16-23.)

##### 1. Title VII Claims Against Care One and Care One Madison

A failure to exhaust defense may be properly raised on a motion to dismiss. *See Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 1999). Title VII requires a plaintiff bringing an action against an employer for discrimination to first file an action with the EEOC within 180 days of the alleged conduct. 42 U.S.C. § 2000e-5(e)(1) (Title VII); *Webb v. City of Phila.*, 562 F.3d 256, 262 (3d Cir. 2009) ("Before bringing suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC."). After filing a charge with the EEOC, a plaintiff must receive a "right to sue" letter before filing a lawsuit in a district court. *See Burgh v. Borough*

---

[3] To establish a prima facie case of religious discrimination under Title VII, an employee must show: (1) she "held a sincere religious belief that conflicted with a job requirement[;]" (2) she informed her employer of the conflict; and (3) she was "disciplined for failing to comply with the conflicting requirement." *Blackwell v. Lehigh Valley Health Network*, No. 22-3360, 2023 U.S. Dist. LEXIS 10747, at *11-12 (E.D. Pa. Jan. 23, 2023) (quoting *Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 490 (3d Cir. 2017)). To survive a motion to dismiss, an employee need not establish every element of this test, but rather, "simply allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of their claims." *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465 (M.D. Pa. 2022) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). Here, in her FAC, Plaintiff fails to allege sufficient facts to show that she held sincere religious beliefs that conflict with her job requirements.

*Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (stating the EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action); *Ditzel v. Univ. of Med. & Dentistry of N.J.*, 962 F. Supp. 595, 602 (D.N.J. 1997). Only after the EEOC action is filed, an investigation is completed, and a right to sue letter is issued can a plaintiff be considered to have exhausted her administrative remedies. *Burgh*, 251 F.3d at 470. "If a plaintiff brings suit under Title VII . . . before receiving a 'right to sue letter,' the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies." *Small v. Rahway Bd. of Educ.*, No. 17-1963, 2017 U.S. Dist. LEXIS 53421, at *3 (D.N.J. Apr. 6, 2017) (citations omitted). A plaintiff's failure to exhaust administrative remedies prior to filing a charge of discrimination under Title VII may warrant dismissal. *Slingland v. Donahoe*, 542 F. App'x 189, 192 (3d Cir. 2013) (affirming the district court's dismissal of the plaintiff's Title VII claims based on her failure to exhaust the administrative remedies available to her).

Plaintiff does not contest that she did not name Care One or Care One Madison in her EEOC action; instead, she argues that an exception to the administrative exhaustion requirement as enumerated by the Third Circuit applies. (ECF 34, Opp. at 16-23.) Defendants argue that the exception does not apply, and the Title VII claims must still be dismissed for failure to exhaust administrative remedies. (ECF 26, Def. Br. at 11-14.)

In *Glus v. G.C. Murphey Co.*, the Third Circuit established a four-factor test to determine whether an unnamed party in an EEOC complaint may be sued in a civil action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual

> prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

562 F.2d 880, 888 (3d Cir. 1977). The first and fourth factors are designed to determine the extent to which the plaintiff may have excusably neglected to include the unnamed party. *Borecki v. E. Int'l Mgmt. Corp.*, 694 F. Supp. 47, 54 (D.N.J. 1988).

The first factor prompts the Court to consider whether Plaintiff, through reasonable effort, could have ascertained the roles of Care One and Care One Madison at the time she filed her EEOC complaint. The Court finds that Plaintiff could have ascertained their roles. Plaintiff first sued Care One in December 2021, seven months before filing her EEOC charge. *Holcomb v. Care One LLC*, No. 21-cv-20611, 2022 U.S. Dist. LEXIS 168454, at *2 (D.N.J. Sep. 19, 2022). She subsequently did not name Care One in her EEOC charge. Care One's brief in support of its motion to dismiss the *Holcomb* action, which explained that Care One Madison separately owned the facility where Plaintiff worked, was filed two-and-a-half months before Plaintiff filed her EEOC charge against Care One Management. (Dkt. No. 21-cv-20611, ECF 11-1 at 3.) This information could have empowered Plaintiff to ascertain the roles of Care One and Care One Madison prior to filing her EEOC charge.

The second factor prompts the Court to consider whether the interests of all Defendants are so similar that it would be unnecessary to include the unnamed parties in the EEOC charge. Here, however, Plaintiff's FAC "is devoid of facts that would allow the Court to conduct a meaningful review of whether the commonality of interest requirement has been met." *Owens v. Allegheny Valley Sch.*, 869 F. Supp. 2d 653, 659 (W.D. Pa. 2012).

The third factor prompts the Court to consider whether failure to name Care One and Care One Madison actually prejudiced these Defendants. However, "Defendants do not move on the third factor" and state that even if Defendants were not prejudiced, that alone would not warrant a

finding that an exception to administrative exhaustion applies. (ECF 26, Def. Br. at 15 n.5.) Moreover, Plaintiff's FAC "is devoid of facts that would allow the Court to conduct a meaningful review of whether" Defendants Care One and Care One Madison were actually prejudiced. *See Owens*, 869 F. Supp. 2d at 659.

Finally, the fourth factor prompts the Court to consider whether Care One and Care One Madison in some way represented to Plaintiff that their relationship with Plaintiff was to be through Care One Management. Upon information and belief, Plaintiff alleges that Defendants Care One and Care One Management oversee and control the policies and management decisions of Care One Madison. (ECF 15, FAC ¶ 12.) However, Plaintiff does not make allegations as to representations made by either Defendant that their relationship with the Plaintiff was to be through Care One Management.

Accordingly, the *Glus* factors do not weigh in Plaintiff's favor, and the exception to the administrative exhaustion requirement does not apply. Therefore, failure to exhaust administrative remedies warrants dismissal of Plaintiff's Title VII claims against Care One and Care One Madison, and those claims are **DISMISSED**. *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) ("Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

### 2. Title VII Claims as to Care One Management

Plaintiff was required to sue Care One Management within ninety days of receiving her EEOC right to sue letter. *See* 29 C.F.R. § 1601.19. Plaintiff failed to do so because her FAC, which added Care One Management as a party, was filed more than ninety days after receipt of the EEOC

7

right to sue letter. Plaintiff offers no defense to this. (*See generally* Opp.) Accordingly, Plaintiff's Title VII claims against Care One Management are **DISMISSED**.

### B. Declaratory Judgment Act

Plaintiff purports to assert a claim pursuant to the Declaratory Judgment Act.[4] However, the Declaratory Judgment Act does not provide an independent cause of action. *Doe v. Del. Valley Reg'l High Sch. Bd. of Educ.*, No. 24-00107, 2024 U.S. Dist. LEXIS 29292, at *12 (D.N.J. Feb. 21, 2024) (citing *Malhan v. Sec. U.S. Dep't of State*, 938 F.3d 453, 457 n.3 (3d Cir. 2019)). Moreover, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction; it merely defines a remedy. *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017). Accordingly, this claim is **DISMISSED**.

### C. Supplemental Jurisdiction

Regarding Plaintiff's NJLAD, breach of contract, quasi contract, and tortious interference claims, the Court declines to exercise supplemental jurisdiction over these state law claims. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally

---

[4] The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284-85. Here, because Plaintiffs' NJLAD, breach of contract, quasi contract, and tortious interference claims are based purely on state law, they are not claims over which the Court has original jurisdiction. Therefore, at this early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF 26) is **GRANTED.** An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Michael A. Hammer, U.S.M.J.
 Parties